UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

John Bonilla

                                  Petitioner,   CR-99-0660 (CPS)

      - against -

                                  MEMORANDUM
United States of America                   OPINION AND
                                  ORDER
                              Respondent.

----------------------------------------X

SIFTON, Senior Judge.

    Following his October 19, 1999 guilty plea, John Bonilla was convicted of one count of interference with commerce by robbery in violation of 18 U.S.C. §1951 and one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §924(c). On December 4, 2000 defendant was sentenced to 168 months and ordered to make restitution in the amount of $153,335. Now before the Court is Bonilla's motion to correct a clerical error pursuant to Federal Rule of Civil Procedure 60(a). For the reasons set forth below Bonilla's motion is denied.

BACKGROUND

    Bonilla was indicted on one count of robbery in violation of 18 U.S.C. §1951 and one count of "carrying a firearm during and in relation to crimes of violence" in violation of 18 U.S.C. §924(c) on July 12, 1999. On October 19, 1999, Bonilla entered a guilty plea to both charges before United States Magistrate Judge

Robert M. Levy.

On June 16, 2000, Bonilla moved to withdraw his guilty plea, alleging that he was innocent of the charges, that his plea was not voluntary because he had been coerced by his attorney, and that the please was not intelligent since he was not adequately informed of the government's evidence. In a Memorandum and Order dated June 27, 2000, I denied the motion on the grounds that Bonilla's allegations were unsupported and contradicted his statements during the plea allocution.

On October 3, 2000, Bonilla moved to dismiss the indictment on the ground that it only cited the statute that prohibits the aiding or abetting of crimes and did not itself allege that he aided or abetted the charged offenses. On December 4, 2000, I denied that motion, holding that "[t]he reference to the section number in the indictment is sufficient notice . . . that the prosecution would go forward either on a principal or aiding and abetting theory." (12/04/01 Tr. at 3.) Thereafter, on December 4, 2000, I sentenced Bonilla to consecutive prison terms of 9 years for robbery and 5 years for carrying a firearm and to concurrent 3-year terms of supervised release. I also ordered him to pay restitution in the amount of $134,294. Because the calculation of that amount contained a mathematical error, I corrected the amount in the Judgment entered on December 7, 2000, in which I stated:

> The total amount of restitution is not to exceed $153,335.*
>
> *This constitutes a correction of the sentence imposed in open court, due to a mathematical error.

On December 14, 2000, defendant filed an appeal, arguing that this Court erred in denying his motion to withdraw his guilty plea. On April 16, 2001, the Court of Appeals affirmed the judgment. *Bonilla v. United States*, 2000 WL 33417502, Docket No. 00-1821 (2d Cir. Aug. 16, 2001). On November 29, 2001, I denied petitioner's habeas corpus petition brought pursuant to 28 U.S.C. § 2255. A notice of appeal filed by defendant was treated by the Court of Appeals as a motion for a certificate of appealability and was denied on October 4, 2002. *Bonilla v. United States*, 02-2018.

On March 31, 2003, defendant moved to vacate his conviction and sentence pursuant to Rules 35(a)[1] and 52(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3582(c) and 3742, claiming that the government failed to prove "active employment of a firearm," as required under *Bailey v. United States*, 516 U.S. 137 (1995), and that his plea was not given knowingly because "neither the accused, nor his counsel, nor the Court correctly understood" this element of the offense. I denied the motion, finding that 18 U.S.C. §§ 3582(c) and 3742 and Rules 35

---

[1] Defendant moved "pursuant to Rule 35(a)(1) . . . of the Federal Rules of Criminal Procedure." (Def.'s Mem. at 1.) Rule 35(a), however, contains no numbered subsections. Accordingly, I treated the motion as one made pursuant to Rule 35(a).

and 52(b) of the Federal Rules of Criminal Procedure relied upon by defendant did not authorize me to vacate his conviction or alter his sentence. I also held that defendant's motion was untimely if construed as a petition under 28 U.S.C. § 2255. Finally, as to the merits, I noted that defendant's plea allocution amply established his guilt of the Section 925(c) charge, because defendant carried the weapon and because he aided and abetted its use by another participant.

On October 31, 2003, defendant filed a notice of appeal from my denial of his motion. On April 21, 2004 the Second Circuit dismissed the appeal as untimely. *United States v. Bonilla*, No. 03-1748 (2d Cir. April 21, 2004).

On May 10, 2005 Bonilla made what he styled a motion to correct a clerical error pursuant to Federal Rule of Criminal Procedure 36. Bonilla argued that the Court was bound by the amount of restitution ordered during the sentencing and erred by ordering a higher amount in the judgment. However, because the restitution ordered in the judgment was accurate, there was no clerical error to correct, and Bonilla could not rely on Rule 36. Instead, his motion could only be construed as a challenge to his sentence pursuant to 28 U.S.C. §2255. Since this constituted his second habeas petition I dismissed it without prejudice to its renewal provided Bonilla obtain permission from the Court of Appeals to file a successive petition.

On August 1, 2005 Bonilla filed a notice of appeal of the dismissal. Thereafter, the Second Circuit, construing the motion as one for permission to file a successive petition, denied the motion.

DISCUSSION

Bonilla purports to bring his present motion under Federal Rule of Civil Procedure 60(a) which provides that:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of on appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending, may be so corrected with leave of the appellate court.

However, the Federal Rules of Civil Procedure govern, as their title states, only "the procedure in the United States district courts in all suits of a *civil* nature . . ." Fed. R. Civ. P. 1 (emphasis added). Because Bonilla seeks to correct a criminal sentence, he must utilize the Federal Rules of Criminal Procedure, which, as their title states, "govern the procedure in all criminal proceedings in the United States district courts . . ." Fed. R. Crim. P. 1.

The relevant rule, Rule 36, provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or

      correct an error in the record resulting from oversight or omission.

Fed. R. Crim. P. 36.[2] However, as discussed above, the amount of restitution stated in the judgement was not a clerical error, but rather, was itself the correction of a previous mathematical error. To the extent Bonilla wishes to challenge his sentence, he therefore cannot do so under Rule 36, but must do so through 28 U.S.C. §2255, which allows a prisoner to challenge an illegal sentence.

    However, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a district court's jurisdiction over "second or successive" habeas corpus applications. *See* 28 U.S.C. § 2244(b). Since Bonilla has already filed on habeas petition in this case, the current motion constitutes a second or successive petition. *James v. Walsh,* 308 F.3d 162, 167 (2d Cir. 2002),(a petition "will be regarded as second or successive if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice"). 28 U.S.C. §2244(b) sets forth the requirements for bringing a second or successive §2255 petition. This subsection provides, *inter alia,* that "before the district

---

    [2] Indeed, Bonilla is obviously aware of the appropriate criminal rule, as he brought a previous motion challenging the amount of his restitution under the appropriate criminal rule, Rule 36. His attempt to bring this second motion under the civil rule appears to be nothing more than an attempt to circumvent the Court's previous ruling that he was not entitled to relief under Rule 36.

court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby,* 125 S.Ct. 2641, 2646 (2005) (citing 28 U.S.C. § 2244(b)(3)). In the present case the Court of Appeals has already denied Bonilla's motion to file a successive habeas petition challenging the amount of restitution. Accordingly, I may not consider this second habeas petition.

CONCLUSION

For the reasons set forth above Bonilla's motion to correct a clerical error is denied.

The Clerk is directed to transmit a filed copy of the within to the parties and the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York

          January 10, 2007

                    By: /s/ Charles P. Sifton (electronically signed)
                                         United States District Judge